**In re GRAND JURY SUBPOENA TO CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, AUGUST TERM, 1963.**

In re Grand Jury Subpoena to Central States, Southeast and Southwest Areas Pension Fund, and David H. Wenger, August Term, 1963.

In re Grand Jury Subpoena to Central States, Southeast and Southwest Areas Pension Fund, and Morris A. Lieberman, August Term, 1963.

In re Grand Jury Subpoena to Central States, Southeast and Southwest Areas Pension Fund, and Stanford Clinton, August Term, 1963.

No. GJ 10880.

United States District Court N. D. Illinois, E. D.
Jan. 17, 1964.

Frank E. McDonald, U. S. Atty., Charles Z. Smith, Dept. of Justice, Washington, D. C., and William O. Bittman, Chicago, Ill., for the United States.

Frank J. McGarr, and Walter H. Moses, Chicago, Ill., James B. Donovan, New York City, for petitioners, Central States et al.

CAMPBELL, Chief Judge.

Petitioners by the present motion seek to quash Grand Jury subpoenas duces tecum issued on August 6, 1963, returnable before this Court's August 1963 Grand Jury on August 22, 1963. Upon filing of the instant motion I continued said subpoenas subject to my present ruling on the motion. I have accepted briefs and heard oral arguments by all counsel.

█ Generally the subpoenas request documents and records of the Central States, Southeast and Southwest Areas Pension Fund, hereinafter referred to as the "Fund".

The motion and the brief in support thereof generally contend that the subpoenas in question are unreasonable, oppressive and constitute an unreasonable search and seizure. However, insofar as setting forth specific details or grounds to support these general contentions the motion and supporting brief fall far short of presenting grounds sufficient to war-

rant intervention by the court at this time.

Specifically, petitioners state that some 22 subpoenas have been served on the "Fund" and/or its officers and employees since October of 1961. Following from this premise it is argued that the Fund has been required to meet, and is in turn being irreparably damaged by, the resulting administrative and testimonial burden. Reproduction photocopying expenses are specifically complained of.

In considering this overall contention I cannot help but note that there has been no representation made that the instant subpoenas request the same documents and records obtained in the earlier subpoenas. Nor is there a specific representation concerning the extent and volume of the material requested by the instant subpoenas. Thus, it appears that the Grand Jury is now seeking material not heretofore sought, which in and of itself is not overly excessive quantitatively. It is also noted that the instant subpoenas are the first issued by this, the August 1963 Grand Jury.

In this regard, although not definitely spelled out in the material or by the evidence before me, I would assume that some of the prior 23 subpoenas were requests of the August 1962 Grand Jury, another Grand Jury of this Court which returned several indictments and which has since been discharged. Some if not most of the other subpoenas were issued by grand juries outside of this district.

Petitioners' brief makes mention of the fact that many original documents have in the past been subpoenaed by federal grand juries which in obedience to the subpoenas were properly delivered but which have not been returned. It is obvious on the basis of the facts before me that this Court's August 1963 Grand Jury does not have any such documents, the instant subpoenas being the first and only ones issued by it. Moreover, inasmuch as this Court's earlier August 1962 Grand Jury has been disbanded it is obvious that it no longer possesses any such documents. As to document retention by grand juries from other districts,

I am without power to act assuming there has been such a retention as constitutes an unreasonable abuse of the powers of those grand juries.

Petitioners' brief contains some 24 Exhibits consisting of what it contends are unfavorable newspaper articles relative to grand jury investigations of the Fund. The obvious inference to be taken from the submission of these exhibits is that grand jury secrecy is in some way being violated.

Most of the articles appeared in Los Angeles papers and few of the articles concerned themselves with the grand juries of this court. More specifically, only three of the articles relate to the August 1963 Grand Jury. As to the articles which concern themselves with the purported actions of the grand juries of this Court, government's counsel has to my satisfaction assured the Court that either the facts contained in the articles are inaccurate or where accurate are at best a coincidence attributable to a bit of good guess work by the reporters. (This guess work has in some instances been aided by facts easily determined outside of and without recourse to the grand jury) In any event I have the government counsel's further assurance that neither he nor his associate counsel are violating the secrecy of the grand jury by divulging information. Further, I have the representation that government's counsel has no information or indication that any of the grand jurors themselves are revealing any of the proceedings.

Counsel for petitioners object, and indeed not wholly without reason, to the last paragraph commencing on page 3 and ending on page 4 of the government's answer to their motions. Petitioners' oral argument addressed itself almost exclusively to this matter. The paragraph reads as follows:

"The Petitioners have not advised the Court as to the circumstances under which the artificial entity, the Central States, Southeast and Southwest Areas Pension Fund, speaks, that is to say, whether the manag-

ing trustees of the Fund have by resolution directed the motion to quash; or whether some one or more persons purporting to act for the Pension Fund have directed that the motions be filed; or whether the individual petitioners have filed these motions voluntarily or under compulsion. It is not clear either whether counsel herein in fact represent the individual petitioners, or the Central States, Southeast and Southwest Areas Pension Fund as an entity, or third parties having an interest in curtailing the grand jury investigation."

In oral argument counsel for the government with commendable candor admitted authorship of the entire answer which of necessity included the paragraph quoted above. However, government's counsel disavowed and denied that he intended or even suspected that it might be interpreted as discrediting in any manner the honesty or ability of petitioners' counsel. Commendably government's counsel relieved this Court of the necessity of ruling on petitioners' objections to the paragraph, by voluntarily offering to strike and remove the instant paragraph. The entire paragraph is accordingly hereby stricken.

As to the allegation that those doing or contemplating doing business with the Fund are being unduly harassed by Federal Bureau of Investigation agents, I make the following observations which relate not only to this allegation, but also in a general manner with the overall grounds upon which the instant motion is predicated.

 The grand jury contrary to what seems to be the prevailing general belief is an integral part of the judicial arm of the government and is not a mere tool of the prosecutor. The United States Attorney, the Federal Bureau of Investigation and other branches of the Department of Justice are integral parts of the executive branch of the government. The grand jury, being part and parcel of the judicial branch of government, is subject to a supervisory power in the courts, aimed at preventing abuses of its process or authority. However, inasmuch as the United States Attorney's Office and the Federal Bureau of Investigation are not part of the judicial branch of the government they are not in the performance of their executive functions, by reason of our constitutional separation of powers system, subject to the supervisory power of the courts. This is properly as it should be. Under certain circumstances in an equity suit to enjoin specific abuses they might possibly be made parties to a suit brought in the courts, but such rare instances could never be construed as giving the courts supervisory authority over these or any other agencies of the executive branch.

This then being the law, and the grand juries of this court being the extent of my supervisory control, it is obvious on the basis of the facts presented to me that there has been no showing of abuse of power or process by any of our grand juries, more specifically by the August 1963 Grand Jury. I of course, in accordance with the foregoing views, make no comment on the alleged conduct of the prosecutors out of court.

In the interest of justice and pursuant to my aforementioned supervisory power I have, as I indicated I would at the close of the oral arguments, met and conferred with the August 1963 Grand Jury. My purpose in holding this in camera meeting was and is to determine the intended scope and purpose behind investigations here challenged. I shall in the future and to the extent I deem necessary, continue meeting with this Grand Jury to inquire as to their progress. If it should ever become apparent to me that the Grand Jury is functioning improperly or abusing the rights of those appearing before it I will of course take necessary and appropriate action. Moreover, should petitioners at any time in the future feel that subsequently issued subpoenas or grand jury conduct are oppressive and abusive they are welcome to come in by motion, as they have here, and again, to the extent of the law set

forth in this memorandum, seek the aid of this Court.

The instant motions to quash the August 1963 Grand Jury subpoenas are denied.